ROBERT DAVIDOFF, Respondent, *v.* SAMUEL KAPLAN, LAZARE KAPLAN and ARNOLD BAMDAS, Copartners, Doing Business under the Firm Name and Style of S. KAPLAN & COMPANY, Defendants, Impleaded with ARNOLD BAMDAS, Appellant.

First Department, May 16, 1924.

Discovery and inspection — motion to strike out answer and punish for contempt for not producing books and papers — penalty should be enforced only where there is deliberate attempt to defeat justice — power to comply with order must be shown before penalty can be imposed — not shown that defendant willfully withheld books or that books and papers not produced would be of assistance on any or all of plaintiff's claims — matter should be referred to referee to determine practicability of complying with order.

The courts will not strike out defendant's answer and punish him for contempt for failure to comply with an order requiring him to furnish to the plaintiff certain books and papers demanded by the plaintiff unless there is a clear and deliberate attempt on the part of the defendant to impede justice or to suppress evidence and so where there is a question as to the ability of the defendant to comply with the order requiring the production of books and papers his pleading should not be stricken out until his power to comply with the order has been satisfactorily demonstrated.

In this case it was not shown that the defendant willfully withheld the books whose production was required, since it appears that the action was originally instituted against two resident defendants who were punished for failure to comply with a similar order, and that the non-resident defendant against which the order in question ran, appeared voluntarily in the case and in opposition to the motion to punish for failure to comply with the order produced affidavits to the effect that all the books and papers in his possession had been deposited with the county clerk as required by the order.

It does not follow that the non-resident defendant willfully disobeyed the order from the fact that the original defendants disobeyed a similar order, and, furthermore, it is not apparent that the books and papers which have not been produced would be of any assistance to the plaintiff on any or all of his three claims which, though they are not separately stated, are upon different theories.

The question of the practicability of the defendant complying with the order, and as to the effect of non-compliance so far as the books and papers have not been produced, should be referred to a referee to hear and report.

Dowling, J., dissents.

Appeal by the defendant, Arnold Bamdas, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 14th day of November, 1923, granting plaintiff's motion to adjudge the defendant Bamdas guilty of contempt of court and as a punishment for such contempt striking out the answer of said defendant, and permitting the plaintiff to proceed as upon a default in pleading.

*Ingraham, Page & Moran* [*Alfred R. Page* of counsel], for the appellant.

*Lloyd M. Howell,* for the respondent.

Martin, J.:

Although stating but one cause of action, the complaint consists of three distinct claims, all for breach of contract.

The defendants as partners conducted a jewelry business in the city of New York. The partnership was dissolved prior to the commencement of this action. The defendant Bamdas, who had a fifty-three per cent interest therein, resides in Belgium. Plaintiff managed for defendants a branch of the business at Montreal, Canada. He at first proceeded against Samuel and Lazare Kaplan because of his inability to effect personal service of the summons and complaint upon Bamdas, inasmuch as that defendant is a resident of Belgium and his address was unknown to plaintiff. The other two defendants, Samuel and Lazare Kaplan, filed a joint answer which was stricken out for disobedience of an order, with leave to plaintiff to proceed as if there had been a default in pleading by them. The order disobeyed was for a discovery of records,

and it required Samuel Kaplan to deposit certain books with the clerk of the Supreme Court in New York county. Thereupon the defendant Bamdas served notice of appearance and an answer by his attorney. These plaintiff returned, but on motion an order was made allowing Bamdas to appear and answer.

On plaintiff's application, Bamdas was ordered to produce the books, records and memoranda which Samuel Kaplan had been previously required to produce, and for disobedience of which requirement the joint answer of Samuel and Lazare Kaplan was stricken out. This order requires Bamdas to give plaintiff a discovery and inspection and permission to take copies of books, records and memoranda containing the transactions of defendants' Canadian business, and contains, in addition to some general specifications, thirteen items, each relating to a particular class of of records, but with that limitation being general and comprehensive. On behalf of Bamdas there were deposited in the county clerk's office certain books and papers, notice thereof being given to plaintiff. This defendant also tendered the books kept in the New York office containing the account with the Montreal branch office, employed certified public accountants, whose affidavits were submitted on this motion, and caused their assistance to be tendered to plaintiff's accountant.

In an affidavit in opposition to this motion, verified by Lazare Kaplan, attention is called to the lack of proof that Bamdas has in his possession the books and records which were not produced. That defendant also avers that the books and records filed were all the records used by defendants in their business, excepting a certain book no longer in their custody or control; that every book, record, voucher and report which could be found has been produced; that there is none such in their possession that has not been produced; and that the reason the said affidavit is made by Lazare Kaplan is that " the defendant Bamdas has at all times resided without the United States, in Belgium, and is not now in the United States of America." This affiant also avers that " the defendant Bamdas never had any books, papers or vouchers herein. They were always in possession of the plaintiff, and later in possession of the defendants."

The defendant Samuel Kaplan also verified an affidavit which was filed in opposition to the motion, averring that there had been produced all the books, papers and records which could be found and that there are none in the possession or control of defendants which have not been produced.

We are of the opinion that the penalty enforced in this case should be resorted to only where there is a clear and deliberate

attempt to impede justice or to suppress evidence. In such a case it should be unhesitatingly resorted to, but, where there is a question as to the ability of the litigant against whom an order is made to comply therewith, his pleading should not be stricken out until his power to comply with the order has been satisfactorily demonstrated. The authority of the court in such a case has been well stated in *Hammond Packing Co.* v. *Arkansas* (212 U. S. 322, 351), where Chief Justice WHITE, writing for the Supreme Court of the United States, said:

" As pointed out by the court below, the law of the United States as well as the laws of many of the States, afford examples of striking out pleadings and adjudging by default for a failure to produce material evidence, the production of which has been lawfully called for. Rev. Stat. U. S. § 724, which was drawn from § 15 of the Judiciary Act of 1789,* after conferring upon courts of law of the United States the authority to require parties to produce books and writings in their possession or under their control which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceedings in chancery, expressly empowers such courts, if a plaintiff fails to comply with the order to render a judgment of non-suit, and if a defendant fails to comply ' the court may, on motion, give judgment against him by default.' From the time of this enactment, practically coeval with the Constitution, although controversies have arisen as to its interpretation, no contention, so far as we can discover, has ever been raised questioning the power given to render a judgment by default under the circumstances provided for in the statute. Its validity was taken for granted by the court, speaking through Mr. Chief Justice Taney, in *Thompson* v. *Selden,* 20 How. [U. S.] 194, and this was also assumed by the court, speaking through Mr. Justice Bradley, in *Boyd* v. *United States,* 116 U. S. 616, where the effect of the constitutional guarantees embodied in the Fourth and Fifth Amendments were elaborately and lucidly expounded. It is unnecessary to cite the many cases in the lower Federal courts which manifest the same result, as they will be found collected in Gould & Tucker's Notes on the Revised Statutes, under § 724, and in the notes to the same section, contained in volume 3, Federal Statutes Annotated.

" And, beyond peradventure, the general course of legislation and judicial decision in the several States indicates that it has always been assumed that the power existed to compel the giving

---

* See 1 U. S. Stat. at Large, 82, § 15.— [REP.

of testimony or the production of books and papers by proper regulations prescribed by the legislative authority, and for a failure to give or produce such evidence, the law might authorize a presumption in a proper case against the party refusing, justifying the rendering of a judgment by default, as if no answer had been filed. While it may be true that in some of the State statutes passed on the subject, and in decisions applying them, some confusion may appear to exist, resulting from confounding the extent of the authority to punish as for a contempt and the right to engender a presumption relative to proof arising from a failure to give or produce evidence, it is accurate to say that when viewed comprehensively the statutes and decisions in effect recognize the difference between the two, and therefore may be substantially considered as but an exertion by the States of a like power to that which was conferred upon the courts of the United States by the original Judiciary Act and by Revised Statutes, § 724."

We are not convinced that it was sufficiently shown on this application that the defendant Bamdas had willfully withheld books, papers or records which he had been ordered to produce. It is contended for him that some of them never existed. From the willful disobedience of the defendants Kaplan it does not follow that Bamdas has been recalcitrant as well. Furthermore, plaintiff's three claims, although they are not separately stated, depend upon different theories, and it is not apparent, as to any or all of them, that books, papers or records which have not been produced would be of assistance to plaintiff.

This matter should have been referred to a referee to hear and report as to the practicability of complying with the order and as to the effect of non-compliance so far as the records have not been produced.

The order should be reversed, with ten dollars costs and disbursements, and a reference to an official referee directed for the purpose of hearing and reporting to the court at Special Term, where the motion will be disposed of after such report shall have been filed.

CLARKE, P. J., SMITH and McAVOY, JJ., concur; DOWLING, J., dissents.

Order reversed, with ten dollars costs and disbursements, and a reference ordered to an official referee to hear and report to the court at Special Term.